**FILED**

April 26 2011

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

# MONTANA RULES OF APPELLATE PROCEDURE

## Rule 1.  Title and scope.

**(1)** These rules shall be referred to as the Montana Rules of Appellate Procedure and shall be cited as M. R. App. P.

**(2)** These rules shall govern proceedings before the supreme court.

## Rule 2.  Parties - amicus curiae - captions.

**(1)**  The following are parties to proceedings before this court and shall be referred to as such in the caption of and signature block of documents filed with this court:

    **(a) Appellant.**  The party who appeals from and usually seeks reversal of a decision in the district court.  A party who files a cross-appeal shall be referred to as a cross-appellant.

    **(b) Appellee:**  The party who usually responds to the appeal, seeking affirmance of the district court.  A party who responds to a cross-appeal shall be referred to as a cross-appellee.

    **(c) Petitioner:**  A party who seeks relief by way of an original proceeding or a petition for an extraordinary writ.

    **(d) Respondent:**  The party against whom a petition is filed.

    **(e) Relator:**  The real party in interest in whose name the government brings an action or proceeding before this court.

    **(f) Intervenor:**  One who, because of an asserted interest in the outcome, has voluntarily entered into an action or who, on motion, is granted leave to enter a proceeding before this court, despite not being named originally as a party.

**(2) Amicus curiae.**  One who is not a party, but who, upon invitation or leave of the supreme court granted on motion, files a brief in a pending proceeding because of a strong interest in the subject matter.

**(3) Counsel – parties not represented by counsel.**  When these rules require an act by or upon a party, the act shall be performed by or upon counsel for the party or by or upon a party not represented by counsel.

**(4) Captions.**  On motion of a party, or on the court's own motion, the caption of a pending cause may be modified to more accurately reflect the actual alignment or status of a party.  Upon entry of an order correcting the caption, the cause shall proceed under that caption thereafter.

## Rule 3.  Interpretation of time requirements.  All time limits set forth in these rules for filing documents or performing any act are actual time limits.  In order to comply with a time-specific requirement, the document must be filed or the act performed on or before the last day of the time specified. In computing any period of time prescribed by these rules, by an order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included, but the last day of the period shall be included.  No additional time may be added to any such time requirement for mailing or

1

transmitting any document and all weekends and holidays are included in the times specified; provided, however, that if the last day of the time limit falls upon a weekend or holiday, then the time limit is extended to the next business day.  All documents must be filed in the office of the clerk of the supreme court between 8:00 a.m. and 5:00 p.m. on business days.

## Rule 4.  How and when to take an appeal or cross-appeal.

**(1) Judgments defined.**
    **(a) Final judgment.**  A final judgment conclusively determines the rights of the parties and settles all claims in controversy in an action or proceeding, including any necessary determination of the amount of costs and attorney fees awarded or sanction imposed.
    **(b) Interlocutory judgment.**  An interlocutory judgment is an order or decree that determines a preliminary or subordinate question or issue and which enables the court to render a final judgment but does not finally decide the cause.

**(2) How commenced.**
    **(a)** An appeal is taken by timely filing a notice of appeal in accordance with rule 10(1) of these rules in the office of the clerk of the supreme court substantially complying with Form 1 in the Appendix of Forms, along with payment of the filing fee prescribed by statute or the affidavit to proceed without advance payment of fees prescribed in the Appendix of Forms as Form 3.  A copy of the notice of appeal shall be contemporaneously served for filing in the office of the clerk of the district court and served on all parties.
    **(b)** A cross-appeal is taken by timely filing a notice of cross-appeal in accordance with rule 10(1) of these rules in the office of the clerk of the supreme court substantially complying with Form 2 in the Appendix of Forms, along with the filing fee prescribed by statute or the affidavit to proceed without advance payment of fees prescribed in the Appendix of Forms as Form 3.  A copy of the notice of cross-appeal shall be contemporaneously served for filing in the office of the clerk of the district court and served on all parties.
    **(c)** Except where the supreme court grants an out-of-time appeal under section (6) of this rule, the timely filing of a notice of appeal or cross-appeal is required in order to invoke the appellate jurisdiction of the supreme court.
    **(d)** A notice of appeal or cross-appeal shall not be filed by the clerk of the supreme court unless accompanied by the filing fee prescribed by statute or the affidavit to proceed without advance payment of fees prescribed in the Appendix of Forms as Form 3.  If the notice of appeal or notice of cross-appeal is filed by facsimile in accordance with rule 10(1)(b) of these rules, either the filing fee or the affidavit to proceed without advance payment of fees must be paid (or filed) and actually received by the clerk of the supreme court within 5 business days of the facsimile filing; otherwise the filing shall be treated as void.

**(3) Joint or consolidated appeals.**
    **(a)** If 2 or more parties are entitled to appeal from a judgment or order of the district court and their interests are such as to make joinder practicable, they may file a joint notice of appeal or cross-appeal, or may join an appeal or cross-appeal after filing separate notices.

2

**(b)** Appeals or cross-appeals may be consolidated by order of the supreme court upon its own motion or upon motion of a party or parties.

**(4) Content of notice of appeal or cross-appeal.**

**(a)** The notice of appeal or cross-appeal shall specify the party or parties taking the appeal or cross-appeal, and shall designate the final judgment or order or part thereof from which the appeal is taken. An appeal from a judgment draws into question all previous orders and rulings excepted or objected to which led up to and resulted in the judgment.

**(b)** If an appeal is taken after certification by the district court under M. R. Civ. P. 54(b), the notice of appeal shall state that fact, and a copy of the certification order shall be attached to the notice. Upon the filing of such a notice, the clerk of the supreme court shall immediately forward copies thereof to the supreme court. The appeal shall not proceed further until the supreme court has reviewed the certification order, determined that the certification complies with M. R. Civ. P. 54(b) and rule 6(6), and entered an order allowing the appeal to proceed.

**(c)** The attorney for the appellant or cross-appellant, or the party, if not represented by an attorney, shall certify that the appeal or cross-appeal is or is not subject to the mediation process required by rule 7.

**(d)** The attorney for the appellant or cross-appellant, or the party, if not represented by an attorney, shall certify that a copy of the notice of appeal or cross-appeal was served by mailing a copy thereof to the clerk of the district court and to counsel of record and every party not represented by counsel.

**(e)** In the event the appellant or cross-appellant fails to comply with sections (4)(a) through (d) of this rule, the clerk of the supreme court shall issue a written notice, substantially complying with Form 4 in the Appendix of Forms, directing the appellant or cross-appellant to file an amended notice of appeal or cross-appeal within 11 days. A notice issued by the clerk of the supreme court pursuant to this section shall not affect the original filing date of the notice of appeal or cross-appeal.

**(f)** An appeal or cross-appeal shall not be dismissed for informality of form or title so long as the information required in section (4) of this rule is contained in the notice of appeal or cross-appeal. In the discretion of the supreme court, an appeal may be dismissed for failure of the appellant or cross-appellant to comply with section (4)(e) of this rule.

**(5) Time for filing notice of appeal or cross-appeal.**

**(a) Appeals in civil cases.**

(i) In civil cases, including proceedings regarding abused or neglected children under Title 41, Chapter 3, the notice of appeal shall be filed with the clerk of the supreme court within 30 days from the date of entry of the judgment or order from which the appeal is taken. In all other cases in which the United States of America or the State of Montana, or any political subdivision thereof, or any officer or agency thereof is a party, the notice of appeal shall be filed within 60 days from the entry of the judgment or order from which appeal is taken. If notice of entry of judgment or order is required to be filed under M. R. Civ. P. 77(d), the 30

days or 60 days, as the case may be, shall not begin to run until service of the notice of entry of judgment or order.

  (ii)  A notice of appeal filed after the announcement of a decision or order, but before either entry of the written judgment or order from which the appeal is taken or service of the notice of entry of judgment, shall be treated as filed on the day of such entry. The district court is not deprived of jurisdiction to enter the written judgment or order by the premature filing of a notice of appeal.

  (iii)  If a timely notice of appeal is filed by a party, any other party may file a notice of cross-appeal within 15 days after the date on which the first notice of appeal was filed, or within the time otherwise prescribed by section (5)(a) of this rule, whichever last expires.

  (iv)  If a timely motion pursuant to the Montana Rules of Civil Procedure is filed in the district court by any party:

    (A) Under rule 50(b) for judgment;

    (B) Under rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if granted;

    (C) Under rule 59 to alter or amend judgment;

    (D) Under rule 59 for a new trial; or

    (E) Under rule 60(b) for relief from a judgment or order,

the time for appeal for all parties shall run from the entry of the order granting or denying any such motion or, if applicable, from the time such motion is deemed denied at the expiration of the 60-day period established by M. R. Civ. P. 59(f). No notice of entry of judgment or order is required when any of the foregoing motions are granted, denied, or deemed denied. A notice of appeal filed before the disposition of any of the above motions, whether by entry of an order or by deemed denial, shall be treated as filed on the date of such entry or deemed denial. The district court is not deprived of jurisdiction to enter its order on any such motion by the premature filing of a notice of appeal.

**(b) Appeals in criminal cases.**

  (i)  In criminal cases, an appeal from a judgment entered pursuant to section 46-18-116 must be taken within 60 days after entry of the judgment from which appeal is taken. A notice of appeal filed after the oral pronouncement of a decision or sentence but before entry of the written judgment or sentence is treated as filed on the date of such entry. The district court is not deprived of jurisdiction to enter the written judgment or order by the premature filing of a notice of appeal.

  (ii)  In criminal cases, an appeal from a judgment or order made appealable by section 46-20-103 must be taken within 20 days of the entry of the written judgment or order from which appeal is taken.

**(6) Out-of-time appeal.** In the infrequent harsh case and under extraordinary circumstances amounting to a gross miscarriage of justice, the supreme court may grant an out-of-time appeal. An out-of-time appeal must be requested by verified petition supported by affidavits, records, and other evidence establishing the existence of the extraordinary

circumstances claimed. Extraordinary circumstances do not include mere mistake, inadvertence, or excusable neglect.

## Rule 5.  Proceeding without the required filing fee.

(1) **Motion and affidavit to proceed without paying the filing fee - general.**  A party in a civil appeal or in an original proceeding for a writ in the supreme court who desires to proceed without payment of the required filing fee shall file a combined motion and affidavit in the supreme court for leave to so proceed, as prescribed by Form 3, showing the party's financial condition and inability to pay the filing fee, the party's belief that the party is entitled to redress, and a short statement of the issues the party intends to present.  If necessary to determine a party's financial condition, the supreme court may remand a combined motion and affidavit to the district court for fact-finding.

(2) **Motion and affidavit to proceed without paying the filing fee - incarcerated person.** A person incarcerated in a correctional institution or facility who is a party in a civil appeal or in an original proceeding for a writ in the supreme court and who desires to proceed without payment of the required filing fee shall file a combined motion and affidavit in the supreme court for leave to so proceed, together with an unnotarized form as otherwise prescribed by Form 3, showing the party's financial condition and inability to pay the filing fee, the party's belief that the party is entitled to redress, and a short statement of the issues the party intends to present.  The incarcerated party also shall file a statement of account prepared by the correctional institution or facility indicating the party's funds, if any, which are held by the institution or facility; no motion under this section will be granted without the required statement of account.

(3) **Determination of indigency - party with court-appointed counsel.**  Court-appointed counsel for a party in an appeal or in an original proceeding for a writ in the supreme court shall file the determination of indigency previously made, which shall establish entitlement to proceed without paying the filing fee without further action by the party or the supreme court.

(4) **Action by supreme court.**  The supreme court shall, in its sole discretion, grant or deny the motion to proceed without payment of the required filing fee.

(5) **Limitations of waiver.**  The grant of a motion to proceed without payment of the required filing fee waives the filing fee but does not entitle the party to waive other fees or costs, such as transcript preparation costs or attorney fees.

## Rule 6.  Application of these rules.

(1) **What a court may review upon appeal from a judgment.**  A party may appeal from a final judgment in an action or special proceeding and from those final orders specified in sections (2), (3), and (4) of this rule.  Upon appeal from a final judgment entered in an action or special proceeding in a district court, this court may review the judgment, as well as all previous orders and rulings excepted or objected to which led to and resulted in the judgment.

(2) **Orders appealable in criminal cases.**  In criminal cases, the parties are directed to the provisions of sections 46-20-103 and -104.

5

**(3) Orders appealable in civil cases.** In civil cases, an aggrieved party may appeal from the following, provided that the order is the court's final decision on the referenced matter:

(a) From an order made after final judgment, including an order vacating or refusing to vacate a default judgment, and an order granting or denying a motion for new trial or to alter or amend a judgment;

(b) From a "deemed denied" motion that was made pursuant to M. R. Civ. P. 50(b), 52(b), 59, or 60(b);

(c) From an order denying a motion to dismiss for lack of subject matter jurisdiction;

(d) From an order permitting or refusing to permit an action to be maintained as a class action;

(e) From an order granting or dissolving, or refusing to grant or dissolve, an injunction or an attachment;

(f) From an order granting or denying a motion to change venue on the basis that the county designated in the complaint is not the proper county;

(g) From an order appointing or refusing to appoint a receiver, or giving directions with respect to a receivership, or refusing to vacate an order appointing or affecting a receiver;

(h) From an order directing the delivery, transfer, or surrender of property;

(i) From an order in a partition action directing or refusing to direct a partition to be made;

(j) From a contempt judgment or order in a family law proceeding when, and only when, the judgment or order appealed from includes an ancillary order entered as a result of the contemptuous conduct which affects the substantial rights of the parties involved; and

(k) From an order granting or denying a motion for substitution of judge.

**(4) Orders appealable in estate, guardianship, and probate matters.** In estate, guardianship, and probate matters, the following orders are considered final and must be appealed immediately, and failure to do so will result in waiver of the right to appeal:

(a) An order granting or refusing to grant, or revoking or refusing to revoke, letters testamentary or of administration or guardianship;

(b) An order admitting or refusing to admit a will to probate, in favor of or against the validity of a will, or revoking or refusing to revoke the probate thereof;

(c) An order setting apart or refusing to set apart property or an order making or refusing to make an allowance for a surviving spouse or child;

(d) An order directing or refusing to direct the partition, sale, or conveyance of real property;

(e) An order refusing, allowing, or directing the distribution of any estate or part thereof, or the payment of a debt, claim, legacy, or distributive share;

(f) An order settling an account of an executor, administrator, or guardian; and

(g) An order confirming or refusing to confirm a report of an appraiser setting apart a homestead.

**(5) Orders and judgments that are not appealable.** Although not exhaustive, the following judgments and orders are among those that are not appealable:

(a) In cases involving multiple parties or multiple claims for relief, an order or judgment which adjudicates fewer than all claims as to all parties, and which

6

leaves matters in the litigation undetermined; subject, however, to the provisions of section (6) of this rule;

**(b)** Orders denying motions for summary judgment or motions to dismiss, or granting partial summary judgment;

**(c)** In proceedings regarding abused or neglected children, orders granting temporary investigative authority and/or protective services, and orders of temporary custody;

**(d)** Judgments or orders made in cases of civil or criminal contempt, except as provided in section (3)(j) of this rule and section 3-1-523;

**(e)** Orders granting or denying sanctions; and

**(f)** Interlocutory judgments, except as provided in sections (3)(j) and (6) of this rule.

**(6) Certification of a judgment as final for purposes of appeal.** Notwithstanding the provisions of section (5)(a) of this rule, a district court may direct the entry of final judgment as to an otherwise interlocutory order or judgment, only upon an express determination that there is no just reason for delay, pursuant to M. R. Civ. P. 54(b). In so doing, the district court must balance the competing factors present in the case to determine if it is in the interest of sound judicial administration and public policy to certify the judgment as final, and the court shall, in accordance with existing case law, articulate in its certification order the factors upon which it relied in granting certification, to facilitate prompt and effective review. A certification order failing to meet these requirements shall be subject to summary dismissal pursuant to rule 4(4)(b).

## Rule 7. Mandatory appellate alternative dispute resolution.

**(1) Statement of purposes.** The mandatory appellate alternative dispute resolution procedure is designed to achieve the following goals:

**(a)** Provide an alternative means to resolve certain civil appeals and to enhance public confidence in the appellate process;

**(b)** Help the parties avoid the additional legal expense and emotional cost of an appeal;

**(c)** Reduce the court's mounting backlog of civil appeals by settling cases with a minimal use of court resources;

**(d)** Help the parties realistically explore a settlement; and

**(e)** Provide a speedy and just resolution of the dispute.

**(2) Appeals subject to rule.** The following categories of appeals shall be subject to the provisions of this rule:

**(a) Workers' compensation.** All appeals from the Workers' Compensation Court.

**(b) Domestic relations.** Appeals in domestic relations cases, including but not limited to all dissolution issues, child custody and support issues, maintenance issues and modifications of orders entered with respect to those issues; but excluding proceedings regarding abused or neglected children, paternity disputes, adoptions, and all juvenile and contempt proceedings when the excluded matters constitute the only issues on appeal. In addition, if there has been a finding by a district court that one of the parties has been a victim of domestic violence, the appellate mediation may be conducted by telephone upon motion submitted to the mediator by either party.

(c) **Money judgments.**  Appeals in actions seeking monetary damages/recovery.

(d) **Appeals which the supreme court, in its discretion, designates as appropriate for mediation.**

(3) **Time Limitations and supplementary process.**

(a) **Time limitations.**  Upon filing a notice of appeal in the manner and time required by rules 4 and 6, the parties and the mediator shall have 75 days within which to complete the process required by this rule.  However, in the event the parties are made subject to this rule only as a result of a cross-appeal, the parties shall have 75 days from the filing of the notice of cross-appeal.

(b) **Supplementary process.**  The process required by this rule shall be supplementary to, and have no effect on, the parties' duties, obligations, and time requirements otherwise provided for in these rules; provided, however, that the parties may, by stipulation filed with the clerk of the supreme court and served on the clerk of the district court, hold the time requirements of these rules in abeyance pending completion of the process required by this rule.  In the event the parties stipulate to holding time requirements of these rules in abeyance, all such time requirements shall run from the earlier of the date of the filing of the mediator's report, or the expiration of the 75-day time limit.

(4) **Selection or appointment and payment of mediator - immunity.**

(a) Mediators shall be selected or appointed as provided in sections (4)(b) and (d) of this rule and shall enjoy such judicial immunity as the supreme court would enjoy if performing the same functions.  Upon selection or appointment, the clerk of the supreme court shall mail to the mediator a copy of the notice of selection or order of appointment of mediator, the mediator instructions, and mediator's, attorneys', and parties' mediation evaluation forms.

(b) The parties may jointly select a mediator for purposes of complying with the mediation process required by this rule within 15 days of the filing of the notice of appeal or cross-appeal which subjects the case to the requirements of this rule; in the event the parties do not jointly select a mediator, one will be assigned by the clerk of the supreme court.

(c) In the event the parties voluntarily select a mediator, the appellant shall file with the clerk of the supreme court a notice of selection of mediator, substantially complying with Form 5 in the Appendix of Forms, within the above-referenced 15-day deadline.

(d) In the event the parties do not voluntarily and timely select a mediator, the clerk of the supreme court shall appoint as a mediator for the appeal the next self-nominated attorney, in reasonably close proximity to the parties, if possible, on a list maintained by the clerk for that purpose pursuant to section (4)(e) of this rule.  The order of appointment, substantially complying with Form 6 in the Appendix of Forms, shall be signed by the clerk of the supreme court and served upon the mediator and the parties to the appeal.  The parties may substitute a mediator of their choice for the mediator appointed by the clerk only if, within 10 days of the clerk's appointment, they file a written stipulation signed by all parties agreeing upon a substitute mediator.  The parties must also serve a copy of such stipulation upon the mediator appointed by the clerk.

**(e)** The clerk of the supreme court shall maintain 3 lists of resident Montana attorneys who are members in good standing of the State Bar of Montana, have been licensed as attorneys for no less than 5 years, and have indicated their desire to be appointed as mediators for purposes of this rule by completing and submitting to the clerk an original and 2 copies of the mediator background information form available from the clerk. The separate lists will reflect those attorneys desiring appointment as mediators for the workers' compensation, domestic relations, and/or money judgment appeals which are subject to this rule.

**(f)** The parties shall share the mediator's fee and incidental expenses equally. However, in money judgment cases where there is $5,000 or less at issue and the judgment is for $5,000 or less, any mediator appointed by the clerk of the supreme court under section (4)(d) shall serve pro bono, and the mediator's incidental expenses shall be shared equally by the parties. All pro bono appointments shall be so indicated in the order of appointment.

**(5) Mediation process.** The mediation process required by this rule shall comply with the procedures provided in this section.

**(a)** The mediation required by this rule is an informal, confidential, nonadversarial process in which an impartial third person, the mediator, assists the parties to an appeal in resolving the differences between them. The decision-making authority remains with the parties; the mediator has no authority to compel a resolution or to render a judgment on any issue. The role of the mediator is to encourage and assist the parties to reach their own mutually-acceptable resolution by facilitating communication; helping to clarify issues, interests, and the appellate perspective; fostering joint problem-solving; and exploring settlement alternatives.

**(b)** Upon selection or appointment to mediate an appeal as provided by this rule, the mediator shall schedule a mediation conference between the parties for the purpose of attempting to resolve the issues on appeal.

**(c)** The conference shall be held in person; provided, however, that if distance, time, or other considerations make an in-person conference impractical, the mediator may hold the conference by telephone at such time and place as the mediator may determine. The mediation shall proceed in substantial compliance with the requirements of this rule and the guidelines and format set forth in the mediator's instruction sheet.

**(d)** The appellant, or the cross-appellant in those cases where only the cross-appeal results in the case being subject to this rule, shall submit the required statement of position to the mediator and to the responsive party within 15 days of the date the notice of selection or order of appointment of the mediator is filed under section (4) of this rule. The responsive party shall have 7 days to submit a responsive statement of position. In the event of a cross-appeal, the appellant shall have an additional 7 days to submit its statement of position relative to the issues raised by the cross-appeal.

**(e)** The parties' respective submissions shall not exceed 10 pages in length, double spaced, on standard letter-sized paper; provided, however, that the parties may attach such exhibits of record and transcript excerpts as the parties may wish the mediator to consider.

9

**(f)** The parties shall serve on the mediator and each party their written statement of position substantially complying with Form 7 in the Appendix of Forms and containing, at a minimum, the following:

    (i)    A statement of issue(s) on appeal and the manner in which each issue was preserved;

    (ii)    A statement of the standard of review applicable to each issue;

    (iii)    The position of the party with respect to each issue, with citations to legal authority; and

    (iv)    In the case of the appellant and any cross-appellant, a copy of the order or judgment from which the appeal is taken.

**(g)** In addition to the statements of position to be served on the mediator and opposing parties, each party may submit to the mediator a separate confidential submission containing such additional information relative to its position regarding settlement as it may wish to tender in order to facilitate the mediation process required by this rule. Unless otherwise agreed, such a submission shall not exceed 5 pages. The confidential submission, if any, shall be served on the mediator contemporaneously with the service of the party's statement of position.

**(h)** Each party, or a representative of each party with authority to participate in settlement negotiations and affect a complete compromise of the case, shall participate in the mediation conference. If an insurance carrier, other indemnitor, or self-insurance administrator is involved, a representative with ultimate settlement authority shall participate in the mediation conference.

**(6)** **Proceedings confidential.** The mediation process shall be confidential. All proceedings held, submissions tendered, and statements made by anyone in the course of the mediation process required by this rule constitute offers to compromise and statements made in compromise negotiations pursuant to M. R. Evid. 408 and are inadmissible pursuant to the terms of that rule.

**(7)** **Completion of mediation process.**

**(a)** Immediately upon the conclusion of the mediation conference, the mediator shall file a mediator's report substantially complying with Form 8 in the Appendix of Forms with the clerk of the supreme court, and serve copies on the parties.

**(b)** If the mediator files a report, with proper notice to the parties, indicating that the matter has been settled, the court will dismiss the appeal 30 days later absent a motion to keep the cause number open.

**(c)** None of the forms, notices, or stipulations to be filed with the clerk of the supreme court shall contain any information relating to the parties' respective positions regarding the issues on appeal, the parties' positions regarding settlement, or any substantive matter which is the subject of the litigation; the exclusive and sole purposes of forms and notices to be filed with the clerk of the supreme court are to maintain status records and statistics, to ensure orderly compliance with the process required by this rule, and to provide a mechanism for returning the case to the ordinary appeal process where mediation has not resolved the case and resulted in a stipulation for dismissal.

**(d)** The parties are encouraged to continue to pursue settlement efforts in the event the mediation process required by this rule does not resolve the appeal and the case returns to the ordinary appeal process.

**(8)** **Sanctions.** Substantial noncompliance with this rule may, on motion of a party or by the supreme court sua sponte, result in the assessment of mediator fees, imposition of monetary sanctions, costs, dismissal of the appeal, or such other sanction as the supreme court deems appropriate.

**(9)** **Self-executing, no motion practice.** Except as provided in sections (7) and (8) of this rule and in addressing a motion to determine whether an appeal is subject to section (2) of this rule, the provisions of this rule are designed to be and are self-executing and not subject to motion practice. Motions to opt out of mediation, to substitute mediators, or for extensions of time to complete mediation will be subject to summary denial.

# Rule 8.  The record.

**(1)** **Composition of the record on appeal - generally.** Except as otherwise provided in these rules, the original papers and exhibits filed in the district court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the district court shall constitute the record on appeal in all cases. A copy of any challenged jury instruction, whether given or offered but not given, must be made a part of the record on appeal.

**(2)** **Duty to present sufficient record.** The appellant and any cross-appellant have the duty to present the supreme court with a record sufficient to enable it to rule upon the issues raised. Failure to present the court with a sufficient record on appeal may result in dismissal of the appeal or affirmance of the district court on the basis the appellant has presented an insufficient record. If the supreme court remands for completion or supplementation of the record, the party presenting the deficient record will be charged with all shipping and postage costs for returning the record to the clerk of the district court.

**(3)** **Duty of the appellant to request the transcript of proceedings - notice to the appellee - costs of producing - generally.**
   **(a)** Absent a stipulation filed with the clerk of the supreme court and served upon the clerk of the district court pursuant to rule 7(3), the appellant shall order from the court reporter, in writing, a transcript of the proceedings deemed necessary for the record on appeal on the same date the notice of appeal is filed. A copy of the written request for transcripts, substantially complying with Form 9 in the Appendix of Forms, shall be contemporaneously filed with the clerk of the district court and served on the appellee. In the event of a filed rule 7(3) stipulation, the requirements of this section shall begin on the day the mediator's report is filed or on day 76 after the filing of the notice of appeal, whichever first occurs.
   **(b)** Within 11 days of the filing of the notice of appeal or notice of cross-appeal, whichever is filed later, the appellee shall either order additional transcripts deemed necessary in writing or, if the transcripts requested are not for purposes of the cross-appeal, the appellee may move the district court for an order requiring the appellant to order the additional transcripts at its expense. A copy of the written order or motion shall be contemporaneously filed with the clerk of the supreme court and served upon the appellant.
   **(c)** Except as provided in section (5) of this rule, the cost of producing any requested transcript shall be paid by the party requesting the transcript, and payment shall be

made at the time of ordering the transcript or satisfactory payment arrangements shall be made with the court reporter. An attorney who requests a transcript shall be personally liable for the payment of the costs of the transcript. Transcript costs shall be calculated as provided in section 3-5-604.

**(4) Format, filing and service of transcripts, and number of copies.**

 **(a)** A transcript shall contain a title page, index pages listing witnesses and exhibits, as applicable, the body of the transcript, and a page certifying in writing - and executed by the court reporter - that the transcript is a true and correct verbatim record of the proceeding transcribed. The person responsible for preparing the transcript shall also include a certificate of service of the transcript on all applicable parties. Each page shall measure 8½ by 11 inches, with combined left and right standard text margins not exceeding 2.25 inches. A page number shall appear in the upper right corner of each page.

 **(b)** Transcripts filed with the clerk of the supreme court shall include 1 paper copy of the transcript in reduced format containing 4 transcript pages on each 8½ by 11-inch page, and a digital copy prepared on a Read Only Digital Video Disk (DVD-R), in searchable Portable Document Format (PDF), certified in writing as true and correct by affixing the court reporter's signature on the front of the DVD-R.

**(5)** Except as provided by statute, parties are not entitled to transcripts at state expense absent extraordinary circumstances and on order of the supreme court.

**(6) Correction or modification of the record.** If any difference arises as to whether the record accurately discloses what occurred in the district court, the difference shall be submitted to and settled by the district court within the time provided for transmission of the record or within such time as the district court may for good cause permit, and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the district court, on motion of a party or upon its own motion, either before or after transmission of the record to the supreme court, may order that the omission or misstatement be corrected and, if necessary, that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the supreme court.

**(7) Record or transcript unavailable.** If a trial or other proceeding was not reported in whole or in part, or if a transcript is otherwise unavailable, a statement of the evidence of the trial, proceeding, or unavailable transcript may be prepared as follows:

 **(a)** A party or parties who proceed under sections (7)(b) or (c) of this rule must, within the time provided for filing the statement and stipulation described in section (7)(b) or the motion described in section (7)(c) of this rule, notify, in writing, the clerk of the district court and the clerk of the supreme court that all or a portion of the record or a transcript is otherwise unavailable, and that the provisions of this rule have been invoked.

 **(b) Statement by agreement and stipulation.** Within 30 days after the filing of the notice of appeal, the parties may prepare and file with the clerk of the district court a joint written statement and stipulation of the unavailable evidence from the best available means including the parties' recollections. This statement and stipulation must identify the trial or proceeding which was not reported or the transcript which is not otherwise available, along with a statement of the reason

for such failure to the best of the persons' knowledge and belief. This statement must specify the source or sources of the parties' statements of evidence and must be limited to unavailable evidence which is relevant to the issue or issues on appeal.

**(c) Statement by motion and order.** Alternatively, within 15 days after the filing of the notice of appeal, a party may file a motion with the clerk of the district court for leave to prepare a statement of the unavailable evidence from the best available means, including the party's recollection.

   (i)  The motion must be in writing, and identify the trial or proceeding which was not reported or the transcript which is not otherwise available, along with a statement of the reason for such failure, to the best of the movant's knowledge and belief. The motion must be served upon opposing parties, each of whom shall have 15 days in which to respond in writing.

   (ii)  If the district court grants the motion, the party must, within 20 days of the district court's order, prepare, serve, and file with the clerk of the district court a statement of the unavailable evidence from the best available means, including the party's recollection. This statement must specify the source or sources of the party's statements of evidence and shall be limited to unavailable evidence which is relevant to the issues on appeal. From the date the statement is filed, the opposing party shall have 15 days to respond in writing.

**(d)** The district court shall examine the statement of unavailable evidence and any response thereto filed pursuant to sections (7)(b) and (c) of this rule, may hold a hearing or hearings thereon and, thereafter, shall promptly file with the clerk of the district court an order adopting or rejecting, in whole or in part, the statement of unavailable evidence such that any statement adopted by the district court most accurately reflects the unavailable evidence. The parties shall have 15 days from the date of filing of the district court's order to file written objections with the clerk of the district court, with contemporaneous service on opposing parties.

**(e)** The district court's order entered pursuant to section (7)(d) of this rule shall then constitute the record on appeal as to the unavailable evidence. Any properly preserved objection to the district court's order or to the proceedings under this rule may be raised in an amended notice of appeal or cross-appeal filed and served within 15 days of the transmission of the district court's order and associated documents by the clerk of the district court to the clerk of the supreme court.

**(f)** The district court's order under section (7)(d) of this rule, including timely objections together with all available portions of the record and transcripts, shall be transmitted by the clerk of the district court to the clerk of the supreme court upon the expiration of the time for filing objections in section (7)(d). The appellant's opening brief on appeal is due 45 days following such transmission.

**(g)** Notwithstanding the filing of the notice of appeal, the district court retains jurisdiction to extend the times set forth in sections (7)(b) and (c) of this rule for good cause shown but not to exceed 45 days, to resolve the matter of the unavailable evidence and to issue the order required under section (7)(d) of this rule.

13

**(8) Agreed statement when the record on appeal is unavailable.** When the record on appeal as defined in section (1) of this rule is unavailable due to uncontrollable circumstances, the parties may prepare, sign, and file with the district court within 20 days after the filing of the final notice of appeal, a statement of the case showing how the issues presented by the appeal arose and were decided in the district court, and setting forth only so many of the facts averred and proved, or sought to be proved, as are essential to a decision by the supreme court on the issues presented. If the statement conforms to the truth, it shall be approved by the district court and, together with such additions as the district court may consider necessary to fully present the issues raised on appeal, certified and transmitted to the clerk of the supreme court within the 40 days provided for transmission of the record on appeal. The parties may include copies of the agreed statement as an appendix to their briefs. In the event the provisions of this rule are used to certify the record on appeal, the parties shall be bound thereby and the supreme court shall rely solely on the record as certified in resolving the appeal.

**(9) Record of proceedings in courts of limited jurisdiction that are courts of record.** The electronically-recorded record of a trial or other proceeding in a court of limited jurisdiction that is a court of record, which is appealed to the supreme court from a district court, shall be filed as a CD/DVD or analog tape together with the district court record.

    **(a)** The clerk of the court from which the original appeal is taken must include with the CD/DVD or analog tape the following information, together with a text file reflecting the information on the CD/DVD or analog tape: originating court name; originating court case number; short case title; date(s) of proceeding; type of proceeding; and audio file name and file type. For CDs or DVDs, the preferred audio file reader, which shall be FTR Player, Microsoft Media Player, or RealPlayer, also must be identified.

    **(b)** In citing to any facts relevant to the issues presented for review from the court of limited jurisdiction that is a court of record, pursuant to rule 12(1)(d), the parties shall reference the location on the CD/DVD or analog tape as Start Time: HH/MM/SS End Time: HH/MM/SS.

## Rule 9. Transmission of the record and other matters relating to the record on appeal.

**(1) Time for transmission - duty of appellant - generally**. The record on appeal, including any transcript in the format required by rule 8(4)(b), shall be transmitted to the supreme court within 40 days after the filing of the notice of appeal unless the time is reduced or extended by an order entered under section (3) or (4) of this rule, or a stipulation holding the time requirements of these rules in abeyance is filed with the clerks of the supreme court and the district court pursuant to rule 7(3). In the event of a cross-appeal, a single record shall be transmitted within 40 days after the filing of the notice of cross-appeal.

**(2) Duty of clerk to transmit the record.** The clerk of the district court shall transmit the record on appeal within the time provided in section (1) of this rule, or such reduced or extended time as may be ordered by the district court or the supreme court pursuant to section (3) or (4) of this rule. The clerk of the district court shall number the documents

comprising the record and transmit with the record a numbered list of the documents, identifying each with reasonable definiteness. In the event the clerk of the district court determines that exhibits are too large or weighty to be conveniently mailed, the clerk shall notify the parties in writing that the item or items will not be transmitted and will so indicate as a numbered item in the list of documents. If a party desires a large or weighty exhibit so identified to be transmitted, the party shall notify the clerk in writing and make advance arrangements with the clerks of the district court and the supreme court for the safe transportation, chain of custody, and receipt of the item(s), at the party's expense. Transmission of the record is effected when the clerk of the district court mails or otherwise forwards the record to the clerk of the supreme court. The clerk of the district court shall indicate, by endorsement on the face of the record or otherwise, the date on which the record is transmitted to the clerk of the supreme court.

**(3) Reduction or extension of time for transmission of the record by the district court - duties of court reporter and appellant - generally.**

**(a)** A motion to reduce the time for transmission of the record shall be made only in extraordinary circumstances, and only on a showing that the court reporter can prepare any ordered transcripts within the reduced period. A motion to reduce the time for transmission shall be filed and served on the opposing party within 15 days after the filing of the notice of appeal and shall be brought to the district court's attention immediately.

**(b)** Except in involuntary mental commitments and proceedings regarding abused or neglected children, a motion for extension of time for transmission of the record may be filed with the district court by the appellant or the court reporter based on the court reporter's inability to timely prepare a transcript or transcripts, but the motion must be filed within the 40-day time for transmission of the record. The district court may grant the motion for a period not to exceed 90 days from the filing of the first notice of appeal. The clerk of the district court shall immediately transmit any such order to the clerk of the supreme court, and the clerk of the supreme court shall file the order and cause it to be docketed.

**(4) Extension of time for transmission of the record by the supreme court - duties of the appellant and the court reporter.** A motion for extension of time to transmit the record on appeal in an involuntary mental commitment or proceedings regarding abused or neglected children, and any other motion for extension of time for transmission of the record subsequent to one granted by the district court pursuant to section (3) of this rule, shall be filed by the appellant with the clerk of the supreme court as a motion for an extension of time to transmit the record and shall be accompanied by an affidavit of the court reporter setting forth in detail why the transcript(s) have not been timely prepared and why the additional time sought is needed. In like manner as extensions of time to file briefs pursuant to rule 26(2) of these rules, there shall be a presumption against granting motions for extension of time to transmit the record under this section. A motion for extension and supporting affidavit shall state the date on which the transcript will be filed if the motion is granted. A motion for extension of time to transmit the record captioned as a motion for extension of time to file a brief will not be considered by the supreme court. The clerk of the supreme court shall docket such a motion as received and rejected, stamp the original and one copy of such a motion with a

"received" date stamp and a "rejected per rule 9(4)" stamp, return the copies at the appellant's counsel's expense, and docket the rejection.

(5) **Retention of the record in the district court by court order.** If the record or a part thereof is required in the district court pending the appeal, the district court may enter an order to that effect, and the clerk of the district court shall retain the record and shall transmit a copy of the order and of the docket entries, together with such parts of the original record as the district court may allow, to the clerk of the supreme court in lieu of the entire record on appeal.

(6) **Filing of the record.** Upon receipt of the record by the clerk of the supreme court following its timely transmittal, the clerk of the supreme court shall file the record. The clerk of the supreme court shall immediately give notice to all parties of the date on which the record was filed.

(7) **Return of the record.** The clerk of the supreme court shall return the record to the clerk of the district court upon issuance of the remittitur or on remand. In civil cases, the clerk of the supreme court shall charge the appellant mailing costs for the return of the record.

## Rule 10. Filing and service of papers - generally.

(1) **Filing.**
    (a) **Generally.** Papers required or permitted to be filed must be placed in the custody of the clerk of the supreme court within the time fixed for filing. Filing may be accomplished by mail addressed to the clerk of the supreme court, but filing shall not be timely unless the papers are actually received within the time fixed for filing.

    (b) **Facsimile filing**. Procedural motions and notices of appeal and cross-appeal, substantially complying with Form 1 or 2 in the Appendix of Forms, may be filed by facsimile between 8:00 a.m. and 5:00 p.m. on business days. A facsimile shall not be timely filed unless it is actually received by the clerk of the supreme court within the time fixed for filing of the document. Any document filed by facsimile shall contain a statement of the date and time of the facsimile filing in the certificate of proof of service prescribed in section (4) of this rule. The facsimile must be filed by the clerk of the supreme court.

    (c) A party to an appeal or original proceeding who is represented by counsel may not file pleadings, motions, or documents on the party's own behalf, except that a party may file a motion for substitution or removal of counsel.

(2) **Service of all papers required.** Copies of all papers, including any transcript, filed by any party and not required by these rules to be served by the clerk of the supreme court shall, at or before the time of filing, be served by the party on all other parties to the appeal or review. Service on a party represented by counsel shall be made on counsel. In criminal cases appealed by the defendant and in appeals relating to involuntary commitment and proceedings regarding abused or neglected children, all briefs, motions, and other papers, not including transcripts, shall be served on both the county attorney and the attorney general. In such cases, transcripts shall be served on the attorney general only, and an electronic copy of filed transcripts will be made available to the county attorney at no cost by the court reporter upon request.

**(3) Manner of service.** Service may be made personally or by mail. Personal service includes delivery of the copy to a clerk or other responsible person at the office of counsel. Service by mail is complete on mailing.

**(4) Proof of service.** Papers presented for filing shall contain a certificate of service in the form of a statement of the date and manner of service and of the names and addresses of the persons served, certified by the person who made service. Proof of service may appear on or be affixed to the papers filed. The clerk of the supreme court may permit papers to be filed without a certificate of service but shall require the certificate to be filed within 5 business days.

**(5) Number of copies to be filed.** A signed original and 7 copies of all motions (other than motions for extension of time), petitions for rehearing, and the answers or responses thereto, shall be filed with the clerk of the supreme court unless otherwise ordered by the court. The original only of motions for extension of time shall be filed. The number of copies of transcripts shall be in accordance with rule 8(4)(b) and the number of copies of briefs shall be in accordance with rule 13(2). At the time of filing an uncontested procedural motion, counsel shall present a proposed order granting the relief requested, together with sufficient copies for service upon all parties, as well as stamped envelopes addressed to the same.

**(6) Use of initials for parties in certain proceedings.** In any proceeding regarding abused or neglected children under Title 41, Chapter 3, or in any proceeding under Title 40, Chapter 6, part 1 (Uniform Parentage Act); Title 41, Chapter 5 (Youth Court Act); Title 42 (Adoption); Title 52, Chapter 3, part 8 (Montana Elder and Persons With Developmental Disabilities Abuse Prevention Act); Title 53, Chapter 20 (Developmental Disabilities); Chapter 21 (Mentally Ill); or Chapter 24 (Alcoholism and Drug Dependence); or Title 72, Chapter 5, part 3 (Guardians of Incapacitated Persons), only the initials of the child, parent(s), or individual party(ies), as the case may be, may be used in all filings, unless otherwise provided by law.

**(7) Redaction of confidential personal information.**

    **(a)** Confidential personal information includes complete social security numbers, complete financial account and taxpayer identification numbers, full birth dates of any person, and information that is not to be accessible to the public pursuant to state or federal law.

    **(b)** Confidential personal information shall be redacted from documents filed with the clerk of the supreme court by the party who files the document. The original document without redaction of confidential personal information shall be filed with the clerk and remain under seal absent a request to obtain access granted under the Rules for Privacy and Public Access to Court Records in Montana or further order of the supreme court.

    **(c) Exemptions from the redaction requirement.** The redaction requirement does not apply to the following:

        (i) a financial account number that identifies the property allegedly subject to forfeiture in a forfeiture proceeding;

        (ii) the record of an administrative or agency proceeding;

        (iii) the record of a court or tribunal, if that record was not subject to the redaction requirement when originally filed; and

        (iv) a filing made under seal.

**(d) Filings made under seal.** The court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record.

**(e) Protective orders.** For good cause, the court may by order in a case:

    (i)  require redaction of additional information;

    (ii)  limit or prohibit a nonparty's remote electronic access to a document filed with the court; or

    (iii)  provide other guidance regarding privacy and access consistent with the Rules for Privacy and Public Access to Court Records in Montana.

**(f) Option for filing a reference list.** A filing that contains redacted information may be filed together with a reference list that identifies each item of redacted information and specifies an appropriate identifier that uniquely corresponds to each item listed. The list must be filed under seal and may be amended as of right. Any reference in the case to a listed identifier will be construed to refer to the corresponding item of information.

**(g) Appendices.** Because copies of documents included in appendices to briefs are not published and are solely for the supreme court's use, confidential personal information appearing in appendices need not be redacted.

**(h) Non-conforming documents.**

    (i)  *Waiver.* A person waives the protection of rule 10(7) as to the person's own information by filing it without redaction and not under seal.

    (ii)  *Sanctions.* If a party fails to comply with this rule, the court on motion of another party or its own motion, may order the pleading or other document to be reformed. If the order is not obeyed, the court may order the document stricken.

## Rule 11. Form of briefs and other papers - duplication.

**(1) Form of briefs, appendices, petitions, including petitions for writs, motions, and other papers.** Briefs, appendices, petitions, motions, and other papers shall be produced by any standard printing, word processing, typewriting, or equivalent process capable of producing a clear black image on paper. Such paper shall be standard quality, opaque, unglazed, recycled paper.

**(2) Typeface and text style.** Either a proportionately-spaced typeface of 14 points or more, or a monospaced typeface of no more than 10.5 characters per inch may be used in a brief, appendix, petition, motion, or other paper. A proportionately-spaced typeface has characters with different widths. A monospaced typeface has characters with the same advanced width. The brief's covers and the components of the brief excluded from the word count computation are exempt from the 14-point typeface requirement. Text shall be in roman, non-script text. Case names, headings, and signals may be underlined or in italics or in bold.

**(3) Paper size, margins, and line spacing.**

    **(a)** All of the foregoing papers shall have pages not exceeding 8½ by 11 inches with margins on the right side and left side and on the top and bottom not less than 1 inch wide, provided, however, that papers from the proceeding below (pleadings,

findings of fact and conclusions of law, judgments, exhibits, and other like papers) may be:

 (i) Reproduced in their original form, size, and print even though the papers exceed the foregoing size limitations; or

 (ii) Reproduced in their original form, but in a reduced size and print on pages not exceeding 8½ by 11 inches even though the print thereon is less than the foregoing size limitations, provided that the print is legible.

**(b)** Papers produced by typewriter or an equivalent process shall be double spaced except that footnotes and quoted and indented material may be single spaced. Pages shall be bound or attached on the left margin and numbered. Parties are encouraged to print and photocopy briefs, motions, and other papers in duplex format.

**(4) Calculations and length.**

 **(a) Proportionately-spaced briefs.** A principal brief shall not exceed 10,000 words and a reply brief or amicus brief shall not exceed 5,000 words. This includes reply briefs which also answer a cross-appellant's principal brief.

 **(b) Monotype or typewritten briefs or petitions.** A principal brief prepared in a monospaced typeface shall not exceed 30 pages and a reply brief or amicus brief shall not exceed 14 pages. This includes reply briefs which also answer a cross-appellant's principal brief.

 **(c)** Petitions filed under rule 14 shall not exceed 4,000 words or 12 pages.

 **(d) Exclusions.** The word and page limits under sections (4)(a), (b), and (c) of this rule do not include table of contents, table of citations, certificate of service, certificate of compliance, or any appendix containing statutes, rules, regulations, and other pertinent matters.

 **(e) Certificate of compliance.** A brief must be accompanied by certification of compliance which states the document's line spacing and states either: (1) the document is proportionately spaced, together with the typeface, point size, and word count; or (2) the document uses a monospaced typeface, together with the number of characters per inch and word count, or, the number of counted pages, pursuant to section (4)(b) or (c) of this rule. A party preparing this certificate may rely on the word count of the word processing system used to prepare the brief. The certification is not included in calculating the document's length.

**(5) Duplication.** All requirements of duplication may be satisfied by the use of any photocopy method capable of producing a clear black image on paper, but not including ordinary carbon copy, provided that in each instance the duplication shall conform to the requirements of this rule. All papers and attachments thereto must be legible.

**(6) First page and cover of briefs.**

 **(a)** The cover of the brief of the appellant shall be blue; the cover of the brief of the party filing the opening brief in a case involving a question certified to the supreme court pursuant to rule 15 shall be yellow; that of the appellee, salmon; that of an intervenor or amicus curiae, green; and that of any reply brief, gray. For recycling purposes, pastel colors shall be used for both brief covers and page separators; and stiff, waxy, or slick-surfaced covers shall not be used. The cover of the appendix, if separately printed, shall be white. Transparent or plastic covers shall not be used, and tabs shall be plain paper and not plastic-coated.

**(b)** There must be included on the cover page and first page of briefs the following:

(i)   The title of this court;

(ii)  The cause number in this court (or a blank for documents first filed);

(iii) If any, the title of the case from the tribunal in which the case originated or from which an appeal is taken, adding the designations of the parties set forth in rule 2, and the name, the venue of the tribunal, and the judge in which the case originated or from which an appeal is taken;

(iv)  If the case is an original proceeding, the names of the parties, adding the designations of the parties set forth in rule 2;

(v)   The names, mailing addresses, telephone, fax numbers, and email addresses (if any) of respective counsel for the parties, identifying the party counsel represents, and that same information if the party is proceeding without counsel; and

(vi)  The title of the document being filed, such as "Appellant's Brief," "Petition for Supervisory Control," or "Motion to Dismiss Appeal."

**(7) First page of other papers.** The first page of other papers shall contain the information required by section (6)(b) i, ii, iv, and v of this rule.

## Rule 12.  Briefs.

**(1) Brief of the appellant.** The brief of the appellant shall contain under appropriate headings and in the order here indicated:

**(a)** A table of contents, with page references, and a table of cases (alphabetically arranged), statutes and other authorities cited, with references to the pages of the brief where they are cited;

**(b)** A statement of the issues presented for review. Parties are encouraged to limit the number of issues to 4 or fewer;

**(c)** A statement of the case. The statement shall first indicate briefly the nature of the case and its procedural disposition in the court below. Only that procedural background which is relevant to the issue or issues raised shall be included in the statement of the case;

**(d)** A statement of the facts relevant to the issues presented for review, with references to the pages or the parts of the record at which material facts appear;

**(e)** A statement of the standard of review as to each issue raised, together with a citation of authority;

**(f)** An argument. The argument shall be preceded by a summary. The summary shall contain a succinct, clear, and accurate statement of the arguments made in the body of the brief and not be a mere repetition of the argument headings. The argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes, and pages of the record relied on;

**(g)** A short conclusion stating the precise relief sought; and

**(h)** An appendix that includes the relevant judgment, order, findings of fact, conclusions of law, jury instruction, ruling, or decision from which the appeal is taken together with any written memorandum or rationale of the court, and those pages of the transcript containing any oral ruling in support. This appendix shall

include a table of contents and colored page separators and may be a separately-bound document if the volume of the required attachments makes this necessary.

(2) **Answer brief of the appellee.** The answer brief of the appellee shall conform to the requirements of section (1)(a) through (g) of this rule, except that a statement of the issues or of the case need not be made unless the appellee is dissatisfied with the statement of the appellant.

(3) **Reply brief.** The appellant may file a brief in reply to the brief of the appellee, and if the appellee has cross-appealed, the appellee may file a brief in reply to the response of the appellant to the issues presented by the cross-appeal. The reply brief must be confined to new matter raised in the brief of the appellee. Only one reply brief may be filed, regardless of the number of appellees' briefs filed, and the rule 11(4) word or page limit for reply briefs applies even if the reply brief also contains a response to a cross-appeal. No further briefs may be filed except with leave of court.

(4) **Briefs in cases involving cross-appeals.** If a cross-appeal is filed, the party who first files a notice of appeal, or in the event that the notices are filed on the same day, the plaintiff in the proceeding below, shall be deemed the appellant for the purposes of this rule and rules 11 and 13, unless the parties otherwise agree or the court otherwise orders. The brief of the appellee shall conform to the requirements of section (1)(a) through (h) of this rule. The cross-appellant shall file the cross-appeal brief combined in a single document with the answer brief, the appellant shall file the cross-appeal answer brief combined in a single document with the reply brief, and the cross-appellant shall file the cross-appeal reply brief within 14 days after service of the cross-appeal answer brief. Word limitations in combined briefs that raise or respond to cross-appeals shall not exceed those word limitations set forth in rule 11(4).

(5) **Appendix.** If desired, and in addition to the documents required under subsection (1)(h) of this rule, a party may file a separate appendix containing additional documents or materials that are referenced in the brief or may, otherwise, be of assistance to the supreme court in its review of the brief. Given that the court has available to it the entire record, parties are advised that a supplemental appendix is not required. If one is filed, it shall include only those documents essential to the arguments. Any supplemental appendix shall include a table of contents, and each document shall be tabbed using plain paper tabs and not plastic-coated tabs.

(6) **Notice of supplemental authorities.** When pertinent and significant authorities come to the attention of a party after the party's brief has been filed, or after oral argument but before decision, a party may promptly advise the clerk of the supreme court, by "Notice of Supplemental Authority," with copies to all parties, setting forth the citation(s) without argument. The notice shall reference either the page of the brief or the point argued orally to which the citation(s) pertain.

(7) **Brief of amicus curiae.** A brief of an amicus curiae may be filed only upon invitation or leave of the supreme court granted on motion. A motion for leave shall identify the interest of the applicant, state the reasons why a brief of an amicus curiae is desirable, identify the party whose position amicus supports, provide the date upon which the brief can be filed, and indicate whether the other party consents to the request.

(8) **References in briefs to parties.** Subject to the requirements of rule 10(6) and rule 14(5)(b)(v), references to parties by formal designations such as "appellant," "appellee," "petitioner," "respondent," "plaintiff," or "defendant" are discouraged and the use of

21

names or descriptive terms such as "John," "Sue," "the employer," "the taxpayer," "father," or "mother" are encouraged.

(9) **References in briefs to the record.** Whenever a reference is made in the briefs to the record, the reference must be to particular parts of the record, suitably designated, and to specific pages of each part, e.g., Answer, p. 7; Motion for Summary Judgment, p. 3; Transcript, p. 231. Intelligible abbreviations may be used. If reference is made to an exhibit, reference shall be made to the pages of the transcript on which the exhibit was identified, offered, and received or rejected.

(10) **Over-length and supplemental briefs and costs.** Motions to file over-length and supplemental briefs will not be routinely granted. Motions to file such briefs must be supported by an affidavit demonstrating extraordinary justification.

(11) **Disk copy of briefs.** Original briefs filed under this rule and under rule 14 shall include a digital copy prepared on a Read Only Digital Video Disk (DVD-R), in Portable Document Format (PDF). This rule shall not apply to hand-written briefs or to those typed on a typewriter. Failure to include the DVD-R with the original brief shall not be grounds for dismissal or for refusal to file the brief. The DVD-R shall not include attachments or the appendix, and all confidential information shall be redacted in accordance with rule 10(7).

## Rule 13. Filing and service of briefs.

(1) **Time for filing briefs.** The appellant shall serve and file a brief within 30 days after the date on which the record is filed. The appellee shall serve and file an answer brief within 30 days after service of the brief of the appellant. The appellant may serve and file a reply brief within 14 days after service of the brief of the appellee. If a cross-appeal is filed and appellant desires to file a reply brief in appellant's appeal, appellant shall serve and file a combined reply brief in appellant's appeal and an answer brief in the cross-appeal within 30 days after service of the brief of the cross-appellant.

(2) **Number of copies to be filed and served.** For briefs containing no confidential information, a signed original and 9 copies of each brief shall be filed with the clerk of the supreme court unless otherwise ordered by the supreme court, and 1 copy of each brief shall be served on each party. For briefs containing confidential information, a signed unredacted original filed under seal and 7 copies of the unredacted original shall be filed along with 2 copies of the redacted brief for public access. 1 copy of the redacted and 1 copy of the uredacted versions of the brief shall be served on each party. The clerk of the supreme court will not accept a brief for filing unless it is accompanied by a certificate of service as required by rule 10. If a separate appendix is filed as allowed under rule 12(5), an original and 7 copies of the appendix shall be filed.

(3) **Consequences of failure to file briefs.** If an appellant fails to file a brief within the time provided by this rule, or within any extended time, an appellee may move for dismissal of the appeal.

## Rule 14. Jurisdiction - extraordinary writs - supervisory control - original proceedings.

**(1) Jurisdiction.** The supreme court is an appellate court but is empowered by Article VII, Sections 1 and 2 of the Constitution to hear and determine such original and remedial writs as may be necessary or proper to the complete exercise of its jurisdiction.

**(2) Extraordinary writs.** Proceedings commenced in the supreme court originally to obtain writs of habeas corpus, injunction, review or certiorari, mandate, quo warranto, and other remedial writs or orders, shall be commenced and conducted in the manner prescribed by the applicable sections of the Montana Code Annotated for the conduct of such or analogous proceedings and by these rules.

**(3) Supervisory control.** The supreme court has supervisory control over all other courts and may, on a case-by-case basis, supervise another court by way of a writ of supervisory control. Supervisory control is an extraordinary remedy and is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when one or more of the following circumstances exist:

    **(a)** The other court is proceeding under a mistake of law and is causing a gross injustice;

    **(b)** Constitutional issues of state-wide importance are involved;

    **(c)** The other court has granted or denied a motion for substitution of a judge in a criminal case.

**(4) Original proceedings.** An original proceeding in the form of a declaratory judgment action may be commenced in the supreme court when urgency or emergency factors exist making litigation in the trial courts and the normal appeal process inadequate and when the case involves purely legal questions of statutory or constitutional interpretation which are of state-wide importance.

**(5) How commenced.** The proceedings referred to in sections (2), (3), and (4) of this rule shall be commenced as follows:

    **(a) Where and when filed.** A petition may be made to the supreme court at any time. The petitioner's petition and all supporting documents shall be filed with the clerk of the supreme court.

    **(b) What to contain.** The petition must set forth:

        (i) The facts which make it appropriate that the supreme court accept jurisdiction;

        (ii) The particular legal questions and issues anticipated or expected to be raised in the proceeding;

        (iii) In summary fashion, the arguments and authorities for accepting jurisdiction and pertaining to the merits of the particular questions and issues anticipated or expected to be raised. No separate memorandum of law or brief shall be filed with the application; and

        (iv) To the extent they exist, as exhibits, without repetition of title of court and cause, a copy of each judgment, order, notice, pleading, document proceeding, or court minute referred to in the petition or which is necessary to make out a prima facie case or to substantiate the petition or conclusion or legal effect.

        (v) In any proceeding regarding abused or neglected children under Title 41, Chapter 3 or in any proceeding under Title 40, Chapter 6, part 1 (Uniform Parentage Act); Title 41, Chapter 5 (Youth Court Act); Title 42

23

(Adoption); Title 52, Chapter 3, part 8 (Montana Elder and Persons With Developmental Disabilities Abuse Prevention Act); Title 53, Chapter 20 (Developmental Disabilities); Chapter 21 (Mentally Ill); or Chapter 24 (Alcoholism and Drug Dependence); or Title 72, Chapter 5, part 3 (Guardians of Incapacitated Persons), only the initials of the child, parent(s) or individual party(ies), as the case may be, may be used.

**(6) Notice - writs.** If a petition for an extraordinary writ or for a writ of supervisory control is filed with respect to any proceeding pending in the district court, the petition and any exhibits relating to a ruling of the district court must be served upon the district judge against whose ruling it is directed and upon all parties. Such petition shall include, in its title, the name of the district judge and the judicial district from which the ruling was issued.

**(7) Procedure on filing.**

    **(a)** Upon the filing of a petition, the supreme court may order that a summary response be filed, or the supreme court may dismiss the petition without ordering a response. A summary response shall summarize the arguments and authorities for rejecting jurisdiction and shall otherwise comply with (5)(b)(ii) and (iii) and, to the extent necessary, (5)(b)(iv) of this rule. No separate memorandum of law or brief shall be filed with the summary response. No reply memorandum shall be filed to the summary response, except on order of the supreme court.

    **(b)** In the event the supreme court orders a summary response, the supreme court also may order more extensive briefing, order oral argument, issue any other writ or order deemed appropriate in the circumstances, or dismiss the petition.

    **(c)** The supreme court may order a stay of further proceedings in the other court, pending the supreme court's disposition of the petition.

**(8) Oral argument.** If oral argument is ordered it shall be conducted in the same manner as in the argument of appeals.

**(9) Number of copies - format - word limitations.**

    **(a)** A signed original and 9 copies of any petition filed under this rule and any response thereto shall be filed with the clerk of the supreme court.

    **(b)** All filings made pursuant to section (5)(a) of this rule shall conform to the requirements of rule 11, except that neither the text of the petition nor any response shall exceed 4,000 words if proportionately spaced or 12 pages if prepared in monospaced typeface or if typewritten.

    **(c)** Exhibits shall be preceded by a table of contents and exhibits shall be separated by colored page separators.

**(10) Briefs.** In those cases in which the supreme court orders more extensive briefing, each party shall, unless otherwise ordered, prepare, file, and serve briefs in conformance with rule 12. All briefs shall be filed and served according to the time schedule set forth in the supreme court's order.

## Rule 15. Certification of questions of law.

**(1) Definitions.** In this rule:

**(a)** "State" means a State of the United States, the District of Columbia, the Commonwealth of Puerto Rico, or any territory or insular possession subject to the jurisdiction of the United States.

**(b)** "Tribe" means a tribe, band, or village of native Americans which is recognized by federal law or formally acknowledged by a State.

**(2) Power to certify.**  The supreme court of this State, on the motion of a party to pending litigation or its own motion, may certify a question of law to the highest court of another State, or of a tribe, or of Canada, a Canadian province or territory, Mexico, or a Mexican state, or a federal court, if:

**(a)** The pending litigation involves a question to be decided under the law of the other jurisdiction;

**(b)** The answer to the question may be determinative of an issue in the pending litigation; and

**(c)** The question is one for which an answer is not provided by a controlling appellate decision, constitutional provision, or statute of the other jurisdiction.

**(3) Power to answer.**  The supreme court of this State may answer a question of law certified to it by a court of the United States or by the highest court of another State or of a tribe, or of Canada, a Canadian province or territory, Mexico, or a Mexican state, if:

**(a)** The answer may be determinative of an issue in pending litigation in the certifying court; and

**(b)** There is no controlling appellate decision, constitutional provision, or statute of this State.

**(4) Power to reformulate question.**  The supreme court of this State may reformulate a question of law certified to it.

**(5) Certification order, record.**  The court certifying a question of law to the supreme court of this State shall issue a certification order and forward it to the supreme court of this State.  Before responding to a certified question, the supreme court of this State may require the certifying court to deliver all or part of its record to the supreme court of this State.

**(6) Contents of certification order.**

**(a)** A certification order must contain:

(i)   The question of law to be answered;

(ii)  The facts relevant to the question, showing fully the nature of the controversy out of which the question arose;

(iii) A statement acknowledging that the supreme court of this State, acting as the receiving court, may reformulate the question; and

(iv)  The names and addresses of counsel of record and parties proceeding without counsel.

**(b)** If the parties cannot agree upon a statement of facts, the certifying court shall determine the relevant facts and state them as a part of its certification order.

**(7) Notice, response.**  The supreme court of this State, acting as a receiving court, shall notify the certifying court of acceptance or rejection of the question and, in accordance with notions of comity and fairness, respond to an accepted certified question as soon as practicable.

**(8) Procedures.**  After the supreme court of this State has accepted a certified question, the rules and statutes governing briefs, arguments, and other appellate procedures govern

proceedings. Procedures for certification from this State to a receiving court are those provided in the rules and statutes of the receiving forum.

   (9) **Opinion - order.** The supreme court of this State shall state in a written opinion the law answering the certified question or may by order determine that the certified question was improvidently accepted. The clerk of the supreme court shall send copies of the opinion or order to the certifying court and the parties.

   (10) **Cost of certification.** Fees and costs are the same as in civil appeals filed with the clerk of the supreme court of this State and must be equally divided between the parties unless otherwise ordered by the certifying court.

   (11) **Severability.** If any provision of this rule or its application to any person or circumstance is held invalid, the invalidity does not affect other provisions or applications of this rule which can be given effect without the invalid provision or application, and to this end the provisions of this rule are severable.

   (12) **Uniformity of application and construction.** This rule shall be applied and construed to effectuate its general purpose to make uniform law with respect to the subject of the rule among States adopting it.

## Rule 16. Motions.

   (1) **Form and content.** Unless another form is prescribed by these rules, an application for an order or other relief shall be made by filing a motion in writing for such order or relief with the clerk of the supreme court. The motion shall state with particularity the grounds therefor and shall set forth the order or relief sought. Counsel shall also note therein that opposing counsel has been contacted concerning the motion and whether opposing counsel objects to the motion. Failure to include this statement may result in denial of the motion. If a motion is supported by affidavits or other papers, whether required by these rules or otherwise, or submitted in a party's discretion, they shall be served and filed with the motion. At the time of filing a procedural motion, counsel shall present a proposed order, together with sufficient copies for service upon all parties, as well as stamped envelopes addressed to all parties. The supreme court may authorize disposition of motions for procedural orders by a single justice.

   (2) **Response.** Any party may file a response in opposition within 11 days after service of the motion, or within such time as the supreme court may direct.

   (3) **Limitations and other requirements.** The motion, including supporting argument and authority, shall be submitted in a single document limited to 1,250 words or less if proportionately spaced or 5 pages of text if prepared in monospaced typeface or if typewritten. The motion shall set forth a succinct statement of the issue or problem, a brief argument including a list of supporting authority and a parenthetical statement of the holding or rule of any case cited, and a succinct statement of the relief sought. The response shall comply with the format and word or page limitations of this section. No reply shall be filed.

   (4) **Motions to voluntarily dismiss.** Except for an *Anders* motion pursuant to section 46-8-103(2), a party's motion to voluntarily dismiss that party's cause, appeal, or cross-appeal must be signed by both the moving party and that party's counsel.

**(5) Motions to dismiss by stipulation.** A cause, appeal, or cross-appeal may be dismissed by the supreme court upon stipulation signed by counsel of record and parties not represented by counsel.

## Rule 17.  Oral arguments.

**(1) Standards.** Oral argument will be allowed upon order of the supreme court. All cases not designated for oral argument will be decided on the basis of the briefs and the record on appeal.

**(2) Order regarding argument.** The supreme court shall, by order, schedule and specify the date, time, and place for the oral argument.

**(3) Time allowed for argument.** The supreme court's order granting oral argument will designate the amount of time each party will be allowed at oral argument.

**(4) Order and content of oral argument.** The appellant or applicant is entitled to open and conclude the argument. Closing argument shall be limited to rebuttal of appellee's or respondent's argument.

**(5) Cross and separate appeals.** If there is a cross-appeal, rule 12(4) determines which party is the appellant and which is the appellee for purposes of oral argument. If separate appellants support the same argument, care shall be taken to avoid duplication of argument at the hearing.

**(6) Use of physical exhibits.** Use of physical exhibits and enlargements during oral argument is distracting to the supreme court and is discouraged. Handouts are permissible provided there are sufficient copies for members of the supreme court and opposing counsel. If opposing counsel objects to the handout, counsel may make an objection on the record at an appropriate time.

**(7) Arguments recorded.** Oral arguments are electronically recorded. Absent a recusal, a justice not able to attend oral argument will participate in the supreme court's deliberations after listening to the electronic recording.

**(8) Miscellaneous.** The supreme court, sua sponte, or upon motion and good cause shown, may direct that oral argument times be extended or shortened; that the order or designation of parties arguing be modified; or that amicus curiae argue. Normally, any time granted to amicus curiae for oral argument will be subtracted from the time allotted to the party whose argument the amicus supports. Amicus curiae seeking leave to present oral argument must indicate whether such party consents to the motion.

## Rule 18.  Media access to court proceedings.

**(1) Media coverage**.
    **(a)** Provided that the orderly procedures of the supreme court are not impaired or interrupted, the media is welcome to record and photograph, or broadcast by radio or television or other means, the oral arguments of the supreme court.
    **(b)** No person or organization will have exclusive access to a proceeding in the courtroom. The chief justice will advise media outlets if pool coverage is necessary.

**(2) Equipment.**

**(a)** Broadcast media should arrive at least 30 minutes prior to oral argument to begin setting up equipment. All equipment must be in place and tested 15 minutes in advance of the time scheduled for the oral argument.

**(b)** The chief justice will determine locations for all video cameras, still cameras, and audio equipment within the courtroom.

**(c)** Video and photographic equipment must be of professional quality with minimal noise so as not to disrupt the proceedings; flash equipment and other supplemental lighting or sound equipment is prohibited unless specifically approved by the supreme court.

**(d)** Handheld tape recording devices may be used so long as the device can be positioned so as not to obstruct or impair the proceedings.

**(e)** Cellular telephones, alarms, pagers, or other sound-producing devices shall be turned off at all times when the supreme court is in session.

# Rule 19.  Relief.

**(1) Dispositions.** Dispositions are as follows:

**(a) Affirm.** The supreme court's decision to uphold a decision of the district court constitutes an affirmance of that portion of the judgment or order of the district court from which the party took the appeal.

**(b) Reverse.** The supreme court's decision to overturn or modify a decision of the district court constitutes a reversal of that portion of the judgment or order of the district court from which the party took the appeal.

**(c) Remand.** The supreme court's decision to overturn all or some part of the decision of the district court from which the party took the appeal may require that district court to apply the supreme court's ruling in further proceedings consistent with the supreme court's decision.

**(2) Dismissals.** Unless otherwise ordered, the supreme court's dismissal of an appeal or cross-appeal is with prejudice and constitutes the final judgment of the supreme court. In the event the supreme court dismisses the appeal or cross-appeal, each party shall bear its own costs unless otherwise stipulated by the parties or ordered by the supreme court.

**(3) Costs.**

**(a) Costs on appeal.** Costs on appeal will be awarded to the prevailing party unless otherwise specifically provided by the supreme court in its decision. Taxable costs include costs of reproducing briefs and necessary appendices, costs incurred in transmission of the record, cost of the reporter's transcript if necessary for the determination of the appeal, and the fee for filing the notice of appeal. In the event that a dispute arises over which party has prevailed, that dispute, as well as the matter of costs, shall be resolved by the district court.

**(b) Costs in extraordinary writs and original proceedings.**

(i) Costs in extraordinary writ proceedings will be awarded only in the supreme court's discretion when special circumstances warrant an award.

(ii) Any costs awarded to the petitioner or relator in proceedings seeking writs of supervisory control will be assessed against the real party in interest, rather than against the state, county, municipality, subdivision, judge, or justice.

(iii) Costs in original proceedings will be awarded to the prevailing party unless otherwise specifically provided by the supreme court in its decision.

**(4) Interest on judgments.** If a judgment for money in a civil case is affirmed, whatever interest is allowed by law shall be payable from the date the judgment was rendered or made in the district court. If a judgment is modified or reversed with a direction that a judgment for money be entered in the district court, the mandate shall contain instructions with respect to allowance of interest.

**(5) Sanctions.** The supreme court may, on a motion to dismiss, a request included in a brief, or sua sponte, award sanctions to the prevailing party in an appeal, cross-appeal, or a motion or petition for relief determined to be frivolous, vexatious, filed for purposes of harassment or delay, or taken without substantial or reasonable grounds. Sanctions may include costs, attorney fees, or such other monetary or non-monetary penalty as the supreme court deems proper under the circumstances.

## Rule 20. Petitions for rehearing.

**(1) Criteria for petitions for rehearing.**
- **(a)** The supreme court will consider a petition for rehearing presented only upon the following grounds:
  - (i) That it overlooked some fact material to the decision;
  - (ii) That it overlooked some question presented by counsel that would have proven decisive to the case; or
  - (iii) That its decision conflicts with a statute or controlling decision not addressed by the supreme court.
- **(b)** The clerk of the supreme court will not accept a petition for rehearing for filing if the supreme court orders that remittitur, peremptory writ, or judgment issue immediately.
- **(c)** The clerk of the supreme court will not accept a petition for rehearing for filing after remittitur has issued or after the time for filing such a petition has expired in a proceeding filed under rule 14.
- **(d)** Absent clearly demonstrated exceptional circumstances, the supreme court will not grant petitions for rehearing of its orders disposing of motions or petitions for extraordinary writs.
- **(e)** Petitions for rehearing will not be argued orally.

**(2) Timing.**
- **(a)** A party must file and serve a petition for rehearing within 15 days after the supreme court decision has been filed, unless the supreme court expressly shortens or enlarges the time by order.
- **(b)** A party opposing the petition for rehearing shall have 15 days after the filing of the petition for rehearing in which to file and serve objections.
- **(c)** Any motion for extension of time in which to file a petition for rehearing must be filed within the 15-day period for filing the petition for rehearing. The supreme court will grant extensions of time only upon a showing of unusual merit and in no event will grant an extension of time in excess of 15 days. The extension period will run from the date of the supreme court's order granting the extension.

**(d)** The clerk of the supreme court shall not accept reply briefs for filing.

**(3) Length.** The text of the petition for rehearing and objections thereto shall not exceed 2,500 words if proportionately spaced or 10 pages if prepared in monospaced typeface or typewritten.

**(4) Filing.**

    **(a)** The parties shall file a signed original and 7 copies of the petition for rehearing and objections thereto with the clerk of the supreme court.

    **(b)** The petition for rehearing and objections thereto must contain a certificate of service on the opposing party.

    **(c)** The petition for rehearing and objections thereto must contain a certificate verifying that the document's word count and words per page comply with section (3) of this rule.

# Rule 21.  Remittitur.

**(1)** The clerk of the supreme court promptly shall notify each party of the supreme court's decision and provide a copy of the supreme court's decision.

**(2)** Remittitur shall issue upon the expiration of time for filing a petition for rehearing, unless the supreme court directs that it shall issue immediately upon its decision, and must be certified by the clerk of the supreme court to the clerk of the district court.

**(3)** In the event that the supreme court modifies its decision in response to a petition for rehearing, remittitur shall issue immediately upon the expiration of time for filing a petition for rehearing in response to the modified decision.

**(4)** In the event the supreme court denies a petition for rehearing, remittitur shall issue upon denial of the petition for rehearing.

# Rule 22.  Stay of judgment or order pending appeal.

**(1) Motion for stay in the district court.**

    **(a)** A party shall file a motion in the district court for any of the following relief:

        (i)   To stay a judgment or order of the district court pending appeal;

        (ii)  For approval of a supersedeas bond; or

        (iii) For an order suspending, modifying, restoring, or granting an injunction pending appeal.

    **(b)** If the appellant desires a stay of execution, the appellant must, unless the requirement is waived by the opposing party, obtain the district court's approval of a supersedeas bond which shall have 2 sureties or a corporate surety as may be authorized by law.  The bond shall be conditioned for the satisfaction of the judgment or order in full together with costs, interest, and damages for delay, if for any reason the appeal is dismissed or if the judgment or order is affirmed, and to satisfy in full such modification of the judgment or order and such costs, interest, and damages as the supreme court may adjudge and award.  When the judgment or order is for the recovery of money not otherwise secured, the amount of the bond shall be fixed at such sum as will cover the whole amount of the judgment or order remaining unsatisfied, costs on appeal, interest, and damages for delay, unless the district court after notice and hearing and for good cause

shown fixes a different amount or orders security other than the bond. When the judgment or order determines the disposition of property in controversy as in real actions, replevin, and actions to foreclose mortgages, or when such property is in the custody of the sheriff or when the proceeds of such property or a bond for its value is in the custody or control of the district court, the amount of the supersedeas bond shall be fixed at such sum only as will secure the amount recovered for the use and detention of the property, the costs of the action, costs on appeal, interest, and damages for delay.

**(c)** The district court retains the power to entertain and rule upon a motion filed pursuant to this rule despite the filing of a notice of appeal or the pendency of an appeal.

**(d)** The district court must promptly enter a written order on a motion filed under this rule and include in findings of fact and conclusions of law, or in a supporting rationale, the relevant facts and legal authority on which the district court's order is based. A copy of any order made after the filing of a notice of appeal must be promptly filed with the clerk of the supreme court.

**(2) Motion in the supreme court.**

**(a)** On the grant or denial of a motion for relief under section (1)(a) of this rule, a motion for relief from the district court order may be filed in the supreme court within 11 days of the date of entry of the district court order. The motion must:

(i) Demonstrate good cause for the relief requested, supported by affidavit;

(ii) Include copies of relevant documents from the record;

(iii) Include a copy of the district court's order issued pursuant to section (1)(d) of this rule; and

(iv) Not exceed 10 pages of text including the affidavit, but exclusive of the documents described in section (2)(a)(ii) and (iii) of this rule.

**(b) Response or objection to motion.**

(i) A response or objection to a motion filed under section (2) of this rule may be filed within 11 days of the filing of the motion.

(ii) The response or objection shall comply with section (2)(a)(i), (ii), and (iv) of this rule.

**(3)** In the interests of justice, the supreme court may grant, modify, or deny the relief requested under section (2) of this rule.

**(4)** Except in extraordinary circumstances supported by affidavit, motions under this rule which have not been filed in accordance with sections (1) and (2)(a) of this rule, and motions filed without prior notice to the opposing party, will be denied summarily.

**(5) Security other than bond - stipulation of the parties.**

**(a)** In all cases under this rule where supersedeas bond or other terms that secure the opposing party's rights are required, the court, in its discretion, may allow alternative forms of security other than a bond, when adequate equivalent security is provided and the appealing party can show that the judgment creditor's recovery is not in jeopardy.

**(b)** In all cases, the parties may by written stipulation waive the filing of security.

**(6) Stay in a criminal case.** Sections 46-20-204 and -205 govern stays in criminal cases.

## Rule 23. Undertaking for costs on appeal.

**(1)** The district court may require an appellant to file a bond or provide other security in such form and amount as it finds necessary to insure payment of costs on appeal in a civil case. The provisions of rule 24 apply to a surety upon a bond given pursuant to this rule.

**(2)** No undertaking for costs is required in appeals in criminal cases.

## Rule 24.  Sureties.

**(1)** **Surety's justification.**  A party may file an objection to the sufficiency of any bond or undertaking within 30 days after the filing of such bond or undertaking. The party filing the bond or undertaking, or the surety or sureties used by the party to file the bond or undertaking, shall file a response with the district court within 20 days after the service of notice of any objection. The failure of the party filing the bond or undertaking, or its surety or sureties, to file a response to the objection, shall dissolve any stay preventing the execution of the judgment or order from which the party filed the appeal.

**(2)** **Enforcement of surety's liability.**  The provisions of sections 25-1-402, 25-13-105, 33-26-101, 33-26-102, and 72-31-101 apply to cases on appeal that require an undertaking or supersedeas bond with a surety.

**(3)** **Proceedings against a surety.**  If a party gives security in the form of a bond or stipulation or other undertaking with 1 or more sureties, each surety submits to the jurisdiction of the district court and the supreme court and irrevocably appoints the district court's clerk as the surety's agent on whom any papers affecting the surety's liability on the bond or undertaking may be served. On motion, a surety's liability may be enforced in the district court without the necessity of an independent action. The motion and any notice that the district court or the supreme court prescribes may be served on the clerk of the district court, who promptly must mail a copy to each surety whose address is known.

## Rule 25.  Substitution of parties in civil cases – acts of personal representatives or guardians when appointment vacated.

**(1)** **Death of a party.**  If a party dies after a notice of appeal is filed or while a proceeding is otherwise pending in the supreme court in a civil case, the personal representative of the deceased party may be substituted as a party on motion filed by any party with the clerk of the supreme court. The motion of a party shall be served upon the representative in accordance with the provisions of rule 10. If the deceased party has no representative, proceedings shall then be had as the supreme court may direct. If a party against whom an appeal may be taken dies after entry of a judgment or order in the district court but before a notice of appeal is filed, an appellant may proceed as if death had not occurred. After the notice of appeal is filed, substitution shall be effected in the supreme court in accordance with this rule. If a party entitled to appeal shall die before filing a notice of appeal, the notice of appeal may be filed by such party's personal representative or, if there is no personal representative, by such party's attorney of record within the time prescribed by these rules. After the notice of appeal is filed, substitution shall be effected in the supreme court in accordance with this rule.

**(2) Substitution for other causes.** If substitution of a party in the supreme court is necessary for any reason other than death, substitution shall be effected in accordance with the procedure prescribed in section (1).

**(3) Public officers - death or separation from office.** When a public officer is a party to an appeal or other proceeding in the supreme court in an official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and the public officer's successor is automatically substituted as a party. Proceedings following the substitution shall be in the name of the substituted party, but any misnomer not affecting the substantial rights of the parties shall be disregarded. An order of substitution may be entered at any time, but the omission to enter such an order shall not affect the substitution.

**(4) Acts of personal representative or guardian.** When the judgment or order appointing a personal representative or guardian is reversed on appeal, for error and not for want of jurisdiction of the court, all lawful acts in administration upon the estate performed by such personal representative or guardian, if such personal representative or guardian has qualified, are as valid as if such judgment or order had been affirmed.

## Rule 26. Extension of time.

**(1) Extension of time - generally.** Except as provided in section (2) of this rule, the supreme court for good cause shown may upon motion extend the time prescribed by these rules or by its order for doing any act, and may thereby permit an act to be done after the expiration of such time if the failure to act was excusable under the circumstances. Within the text of each motion requesting an extension of time submitted to the supreme court for its consideration, counsel shall note that opposing counsel has been contacted concerning the motion and whether opposing counsel objects to the motion. Failure to include this statement may constitute grounds for denial of the motion. All motions and orders for extension of time shall comply with rule 16 and shall include a date certain on or before which date the act for which an extension of time is requested must be performed. In all cases except those addressed in section (2) of this rule, a party may move for and be granted one 30-day extension of time in which to file a brief required or allowed to be filed under these rules. The clerk of the supreme court is authorized to act on any such motions for 30-day extension of time which are unopposed. Any second or subsequent motion for extension of time to file a brief shall meet the requirements of section (2) of this rule.

**(2) Extensions of time - filing briefs in appeals of proceedings regarding abused or neglected children and motions for second or subsequent extensions.** There shall be a presumption against granting motions for extension of time to file briefs. Any motion for extension of time to file a brief in the referenced cases may be granted only upon written motion supported by a showing of diligence and substantial need. Such a motion shall be filed at least 7 days before the expiration of the time prescribed for filing the brief, shall comply with rule 16, and shall be accompanied by an affidavit stating:
    **(a)** When the brief is due;
    **(b)** When the brief was first due;
    **(c)** The length of the requested extension;
    **(d)** The reason an extension is necessary;

**(e)** An explanation establishing that movant has exercised diligence and has substantial need for the extension, and that the brief will be filed within the time requested. An affidavit setting forth a conclusory statement as to the press of business will not constitute a showing of diligence and substantial need and will subject the motion to summary denial; and

**(f)** Whether any other party objects to the request.

## Rule 27. Notice involving constitutional questions where the state is not a party.

Irrespective of the requirements of M. R. Civ. P. 5.1, a party who challenges the constitutionality of any act of the Montana legislature in any action, suit, or proceeding in the supreme court to which neither the state nor any agency or any officer or employee thereof, in the officer's or employee's official capacity, is a party, must give notice to the supreme court and to the Montana attorney general of the existence of the constitutional issue. This notice must be in writing, specify the section of the Montana Code Annotated or chapter of the session law to be construed, and must be given no later than 11 days from the date that the notice of appeal or notice of cross-appeal is filed or the date of filing of an original proceeding in the supreme court. No later than 20 days from the date that the notice of constitutional challenge is filed, the attorney general shall notify the supreme court and all parties in writing as to whether the attorney general will intervene in the appeal on the constitutional issue.

## Rule 28. Minutes of supreme court.

The clerk of the supreme court shall attest the minutes of the supreme court as true and correct.

## Rule 29. Suspension of the rules.

**(1) Application for suspension.** In the interest of expediting decision on any matter before it, or for other good cause shown, the supreme court may, except as otherwise provided in section (2) of this rule, suspend the requirements or provisions of these rules on application of a party supported by affidavit, and may order proceedings in accordance with its direction.

**(2) Exceptions.** This rule may not be invoked with respect to proceedings governed by rule 7. Any request for an out-of-time appeal shall be governed solely by rule 4(6).

Form 1

IN THE SUPREME COURT OF THE STATE OF MONTANA

Supreme Court Cause No._____
(To be assigned by the Clerk of the Supreme Court)

_____

Attorney for_____
Address_____
Phone _____
Fax_____
E-mail_____

_____,

Appellant,

     v.                                                  NOTICE OF APPEAL

_____,

Appellee.

NOTICE is given that _____, the Appellant above-named and who is the _____(plaintiff/petitioner/or other designation) in that cause of action filed in the _____ Judicial District, in and for the County of _____, as Cause No._____, hereby appeals to the Supreme Court of the State of Montana from the final judgment or order entered in such action on the ____ day of _____, 2_____.

**THE APPELLANT FURTHER CERTIFIES:**

    1.  That this appeal ____is/is not___ subject to the mediation process required by M. R. App. P. 7.  If subject to mediation, the money judgment being sought ____is/is not____ less than $5,000.

    2.  That this appeal _____is/is not____ an appeal from an order certified as final under M. R. Civ. P. 54(b).  If this is such an appeal, a true copy of the District Court's certification order is attached hereto as Exhibit "A."

    3.  That the notice required by M. R. App. P. 27 has been or will be given, within 11 days of the date hereof, to the Supreme Court and to the Montana Attorney General with respect to a challenge to the constitutionality of any act of the Montana Legislature.

    4.  That all available transcripts of the proceedings in this cause _____have been/have not been ____ ordered from the court reporter contemporaneously with the filing of this notice of

appeal.  If all available transcripts have not been ordered, that Appellant has complied with the provisions of M. R. App. P. 8(3) contemporaneously with the filing of this notice of appeal.

5. That included herewith is the filing fee prescribed by statute, or the affidavit to proceed without payment of the required filing fee prescribed in the Appendix of Forms as Form 3.

Dated this _____day of _____, 2_____.

_____
Attorney for_____

CERTIFICATE OF SERVICE

I hereby certify that I have filed a true and accurate copy of the foregoing NOTICE OF APPEAL with the Clerk of the Montana Supreme Court; and that I have served true and accurate copies of the foregoing NOTICE OF APPEAL upon the Clerk of the District Court, each attorney of record, each court reporter from whom a transcript will be ordered, and each party not represented by an attorney in the above-referenced District Court action, as follows:
(list name and address of the Clerk of the District Court, each court reporter, and each attorney or party served).
Dated this ___ day of _____, 2_____.

_____
Name

_____
Address

_____
Title

Form 2

IN THE SUPREME COURT OF THE STATE OF MONTANA

Supreme Court Cause No._____
(To be assigned by the Clerk of the Supreme Court)

_____

Attorney for_____
Address_____
Phone _____
Fax_____
E-mail_____

_____,

Appellant/Cross-Appellee,

     v.                                             NOTICE OF CROSS-APPEAL

_____,

Appellee/Cross-Appellant.

NOTICE is given that _____, the Cross-Appellant above-named and who is the _____(plaintiff/petitioner/or other designation) in that cause of action filed in the _____Judicial District, in and for the County of _____, as Cause No._____, hereby cross-appeals to the Supreme Court of the State of Montana from the final judgment or order entered in such action on the _____day of _____, 2_____.

**THE CROSS-APPELLANT FURTHER CERTIFIES:**

1.  That this cross-appeal ____is/is not___ subject to the mediation process required by M. R. App. P. 7.  If subject to mediation, the money judgment being sought ____is/is not____ less than $5,000.

2.  That this cross-appeal _____is/is not____ an appeal from an order certified as final under  M. R. Civ. P. 54(b).  If this is such an appeal, a true copy of the District Court's certification order is attached hereto as Exhibit "A."

3.  That the notice required by M. R. App. P. 27 has been or will be given, within 11 days of the date hereof, to the Supreme Court and to the Montana Attorney General with respect to a challenge to the constitutionality of any act of the Montana Legislature.

4.  That all available transcripts of the proceedings in this cause involving the issue(s) cross-appealed ____have been/have not been____ ordered from the court reporter contemporaneously with the filing of this notice of cross-appeal.  If all available transcripts have

not been ordered, that Cross-Appellant has complied with the provisions of M. R. App. P. 8(3) contemporaneously with the filing of this notice of appeal.

5. That included herewith is the filing fee prescribed by statute, or the affidavit to proceed without payment of the required filing fee prescribed in the Appendix of Forms as Form 3.

Dated this _____day of _____, 2_____.

_____
Attorney for_____


CERTIFICATE OF SERVICE

I hereby certify that I have filed a true and accurate copy of the foregoing NOTICE OF CROSS-APPEAL with the Clerk of the Montana Supreme Court and that I have served true and accurate copies of the foregoing NOTICE OF CROSS-APPEAL upon the Clerk of the District Court, each attorney of record, each court reporter from whom a transcript will be ordered, and each party not represented by an attorney in the above-referenced District Court action, as follows:
(list name and address of Clerk of the District Court, each court reporter, and each attorney or party served).

Dated this ___ day of _____, 2_____.

_____
Name

_____
Address

_____
Title

Form 3

IN THE SUPREME COURT OF THE STATE OF MONTANA

Supreme Court Cause No. _____

_____,
(designation of party),

                              MOTION AND AFFIDAVIT IN SUPPORT
   v.                          TO PROCEED ON APPEAL WITHOUT
                              PAYMENT OF FILING FEE

_____,
(designation of party).

       I move this Court to proceed without payment of the filing fee in this cause, and I submit this Affidavit in support of my motion.

       I, _____ (state your name), being first duly sworn, depose and say that I am the _____ (designation of party) in the above-entitled cause; that in support of my application to proceed on appeal without being required to pay the filing fee, I state that because of my financial condition I am unable to pay the filing fee; that I believe I am entitled to redress; and that the issues which I desire to present on appeal are the following:

_____
_____

       I further swear that the responses which I have made to the questions and instructions below relating to my ability to pay the cost of prosecuting the appeal are true.

       1. Are you presently employed?

       a. If the answer is yes, state the amount of your salary or wages per month and give the name and address of your employer.

       b. If the answer is no, state the date of your last employment and the amount of the salary and wages per month which you received.

       2. Have you received within the past 12 months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, or other source?  If the answer is yes, describe each source of income, and state the amount received from each during the past 12 months.

       3. Do you own any cash or checking or savings account?  If the answer is yes, state the total value of the items owned.

       4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?  If the answer is yes, describe the property and state its approximate value.

       5. List the persons who are dependent upon you for support and state your relationship to those persons.

       I understand that a false statement or answer to any question in this affidavit will subject me to penalties for perjury.

                            _____

Subscribed and sworn to before me this _____ day of _____, 2____.

                                                      _____

SEAL                                      Notary Public for the State of Montana
                                                    Residing at _____
                                                    My Commission expires _____

Form 4

IN THE SUPREME COURT OF THE STATE OF MONTANA

Supreme Court Cause No._____

_____,

Appellant,

    v.

                                NOTICE REQUIRING FILING
                                OF AMENDED NOTICE OF
                                APPEAL OR CROSS-APPEAL

_____,

Appellee.

        NOTICE of ____Appeal/Cross-Appeal____ was filed on_____, 2____, in that cause of action filed in the _____ Judicial District, in and for the County of _____, as Cause No. _____. The notice does not contain the following required certification(s):

        1. ___ That this matter ____is/is not____ subject to the mediation process required by M. R. App. P. 7. If subject to mediation, the money judgment being sought ___is/is not____ less than $5,000.

        2. ____ That this matter _____is/is not_____ an appeal from an order certified as final under M. R. Civ. P. 54(b). If this is such an appeal, a true copy of the District Court's certification order is attached to the notice of appeal/cross-appeal as Exhibit "A."

        3. ____ That the notice required by M. R. App. P. 27 has been or will be given, within 11 days of the date hereof, to the Supreme Court and to the Montana Attorney General with respect to a challenge to the constitutionality of any act of the Montana Legislature.

        4. ____ That all available transcripts of the proceedings in this cause involving the issue(s) appealed _____have been/have not been_____ ordered from the court reporter contemporaneously with the filing of this notice of appeal. If all available transcripts have not been ordered, that Appellant has complied with the provisions of M. R. App. P. 8(3) contemporaneously with the filing of this notice of appeal.

        5. ____ That all available transcripts of the proceedings in this cause involving the issue(s) cross-appealed _____have been/have not been_____ ordered from the court reporter contemporaneously with the filing of this notice of cross-appeal. If all available transcripts have not been ordered, that Cross-Appellant has complied with the provisions of M. R. App. P. 8(3) contemporaneously with the filing of this notice of cross-appeal.

        6. ____ That a copy of the notice of ____appeal/cross-appeal____ has been contemporaneously filed in the office of the Clerk of the District Court and served by mail on all attorneys of record and on all parties not represented by an attorney.

41

7. \_\_\_\_ That the notice of appeal/cross-appeal was not accompanied by the filing fee prescribed by statute or the affidavit to proceed without payment of the required filing fee prescribed in the Appendix of Forms as Form 3. PLEASE NOTE THAT THE NOTICE OF APPEAL/CROSS-APPEAL WILL NOT BE FILED UNTIL THE FILING FEE IS PAID OR THE AFFIDAVIT FILED.

**You are hereby directed to correct the above-checked deficiencies within 11 days of the date of this notice and to bring the notice into compliance with M. R. App. P. 4.**

A true copy of this notice has been mailed on the date hereof to all attorneys of record and to all parties not represented by an attorney.

Dated this \_\_\_\_ day of _____, 2\_\_\_\_\_.

_____
Clerk of the Supreme Court

Form 5

IN THE SUPREME COURT OF THE STATE OF MONTANA

Supreme Court Cause No._____
(To be assigned by the Clerk of the Supreme Court)

_____,

Appellant,

v.                                                    SELECTION OF MEDIATOR

_____,

Appellee.

        COME NOW the parties and advise that they have stipulated to and selected _____ as mediator for purposes of complying with the requirements of M. R. App. P. 7(4)(c).

        Dated this _____ day of _____, 2_____.


                                        _____
                                        Attorney for Appellant


                                        _____
                                        Attorney for Appellee

Form 6

## IN THE SUPREME COURT OF THE STATE OF MONTANA

Supreme Court Cause No._____

_____,

Appellant,

       v.                                ORDER OF MEDIATOR APPOINTMENT

_____,

Appellee.

       This appeal being subject to M. R. App. P. 7, and the parties having failed to jointly and timely select a mediator under M. R. App. P. 7(4)(c),

       IT IS ORDERED that _____, whose name appears next on the list of attorneys desiring appointment as mediators for [workers' compensation, domestic relations, or money damages] appeals which is maintained pursuant to M. R. App. P. 7(4)(e), is hereby appointed to conduct the mediation process required by M. R. App. P. 7(5); and

       IT IS FURTHER ORDERED that the time periods set forth in M. R. App. P. 7(5)(d) shall run from the date of this order of appointment.

       A true copy of this order is being mailed to counsel of record for the parties, or to the parties individually if not represented by counsel, on the date hereof.

       Dated this _____ day of _____, 2_____.

                                     _____
                                     Clerk of the Supreme Court

Form 7

IN THE SUPREME COURT OF THE STATE OF MONTANA

Supreme Court Cause No._____
(To be assigned by the Clerk of the Supreme Court)

_____,
Appellant,

v.                                              STATEMENT OF POSITION

_____,
Appellee.

A statement of position shall be 10 pages or less, double spaced. Transcript excerpts, items related to admissibility, and exhibits of record may be attached. The Judgment/Order from which appeal is taken <u>must</u> be attached. The statement of position must be submitted to the mediator and opposing counsel/parties in accordance with M. R. App. P. 7(5)(f).

A statement of position shall include:
(1)    Issues on appeal and the manner in which each issue was preserved;
(2)    Applicable standard of review for each issue;
(3)    Analysis of each issue, statement of position, and citations of legal authority;
(4)    Judgment/order appealed; and
*(5)    Factors impacting settlement.

*A confidential submission may be filed separately with the mediator indicating factors impacting settlement as provided in M. R. App. P. 7(6).

45

Form 8

## IN THE SUPREME COURT OF THE STATE OF MONTANA

Supreme Court Cause No._____


_____,
Appellant,

v.                                                          MEDIATOR'S REPORT

_____,
Appellee.

As a result of this conference this case is [circle one]
A.    **SETTLED**
  (1)  Settlement agreement to be prepared by ( name ) by ( date ).
  (2)  Stipulation for dismissal to be filed within 15 days of the date of this order.
B.    **NOT SETTLED**
DATED this _____ day of _____, 2_____.

_____
Mediator

(File with the clerk of the supreme court and provide copies to the clerk of the district court and to the parties.)

Form 9

IN THE DISTRICT COURT OF THE ___ JUDICIAL DISTRICT
IN AND FOR THE COUNTY OF _____
STATE OF MONTANA

_____,          Cause Number _____

    Plaintiff/Petitioner,

     v.                                        NOTICE OF TRANSCRIPTS
                                             DEEMED NECESSARY FOR APPEAL

_____,

    Defendant/Respondent.

     NOTICE is given that _____, the Appellant in the above-named case, hereby determines the following transcripts are necessary for appeal **Please check only those transcripts required**:

( ) No transcripts are necessary
( ) Jury Voir Dire
( ) Opening Statements
( ) Closing Arguments
( ) Trial Proceedings (all testimony, in-chambers discussions, and jury verdict)
( ) Pre-Trial Proceedings (specify by description and date of proceeding)

    _____

    _____

( ) Post-Trial Proceedings

    _____

    _____

( ) Other (specify by description and date of proceeding

    _____

    _____

( )  The following transcripts have been previously prepared and are deemed necessary on appeal and appellant requests the court reporter(s) prepare such transcripts in the proper format for filing with the supreme court and service on Appellee(s) (specify by description and date of proceeding)

    _____

47

_____

The court reporter(s) responsible for the preparation of these transcripts is/are

_____

It is further certified that financial arrangements were made with the court reporter(s) <u>before</u> filing this Notice.

Dated this _____ day of _____, 2_____.

_____

Attorney for _____

CERTIFICATE OF SERVICE

I hereby certify that I have filed a true and accurate copy of the foregoing NOTICE OF TRANSCRIPTS DEEMED NECESSARY FOR APPEAL with the Clerk of the Montana Supreme Court and that I have served true and accurate copies of the foregoing NOTICE OF TRANSCRIPTS DEEMED NECESSARY FOR APPEAL upon the Clerk of the District Court, each attorney of record, each court reporter from whom a transcript has been ordered, and each party not represented by an attorney in the above-referenced District Court action, as follows: (list name and address of Clerk of the District Court, each court reporter, and each attorney or party served).

Dated this _____ day of _____, 2_____.

_____
Name

_____
Address

_____
Title